IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DACEY MAURICE JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13CR405-1 |
| | ) | 1:16CV198 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Court (per United States District Judge Thomas D. Schroeder) entered a Judgment against Petitioner imposing, <u>inter alia</u>, consecutive prison terms of 37 months and 60 months, as a result of his guilty plea to armed bank robbery in violation of 18 U.S.C. § 2113(d) and to carrying and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Docket Entry 20.)[1] Petitioner thereafter filed a pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"). (Docket Entry 23.) He subsequently filed a Motion to Amend/Supplement, seeking to add a claim challenging a separate, supervised release revocation sentence imposed in case number 1:97CR250, based on <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551 (2015). (Docket Entry

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.

31.) Specifically, Petitioner contends Johnson invalidates the sentence originally imposed in that earlier case under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and that the Court therefore should terminate the revocation sentence imposed years later in that same case. (See Docket Entry 31 at 1-2.)

Assuming for present purposes only that the Court could allow the addition to this pending Section 2255 case of the newly-proposed, collateral challenge from a different case, the Court nonetheless should deny Petitioner's Motion to Amend/Supplement as futile. See generally United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (ruling that "futility" warrants denial of amendment in Section 2255 context). In that regard, Petitioner correctly has observed that Johnson declared unconstitutionally vague the "residual clause" of the definition of "violent felony" in the ACCA (see Docket Entry 31 at 1); however, Petitioner incorrectly has asserted that the Court applied that residual clause to his "predicate offenses in determining [his] status as an Armed Career Criminal" (id.). In fact, the record from Petitioner's prior case confirms that he qualified as an Armed Career Criminal under the enumerated "burglary" provision of the ACCA's definition of "violent felony" (not the residual clause), in light of his four prior North Carolina convictions for felony breaking and entering (committed on separate dates). See United States v. Jones, No. 1:97CR250, Docket Entry 55, ¶¶ 20, 23.

2

Moreover, the United States Court of Appeals for the Fourth Circuit (A) recently has reaffirmed that such convictions constitute proper predicates for enhanced sentencing under the ACCA, see United States v. Mungro, 754 F.3d 267, 269-72 (4th Cir. 2014), and (B) even more recently has declared "that *Johnson* would entitle [a petitioner] to no relief because [his] prior conviction for breaking and entering under North Carolina law constitutes burglary and thus was unaffected by *Johnson*," United States v. Bolden, 645 F. App'x 282, 283 (4th Cir. 2016) (citing Mungro and United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009)); see also Harris v. United States, Nos. 1:10CR289-1, 1:13CV232, slip op., at 6-7 (M.D.N.C. Nov. 24, 2015) (Peake, M.J.) ("[The p]etitioner's criminal history includes at least three convictions under North Carolina law for felony breaking and entering committed on different occasions. Thus, Johnson would not affect the determination of [the p]etitioner's case, even if his claim [wa]s considered on the merits. Therefore, his [m]otion to [a]mend should be denied as futile." (internal citation omitted)), recommendation adopted, slip op. (M.D.N.C. Dec. 30, 2015) (Schroeder, J.), appeal dismissed, No. 16-6106, 2016 WL 3524785 (4th Cir. June 28, 2016) (unpublished) (stating in an unnumbered footnote: "[T]he district court's dispositive conclusion – that our decision in []Mungro[] foreclosed [the petitioner's] argument that the Supreme Court's holding in Johnson[] invalidated his armed

3

career criminal designation – is not debateable."); <u>United States v. Logan</u>, Nos. 1:09CR12-1, 1:12CV699, 2015 WL 5098613, at *1 (M.D.N.C. July 28, 2015) (unpublished) (Peake, M.J.) ("[The p]etitioner's status as an Armed Career Criminal is supported by numerous convictions for breaking and entering . . . . In his [m]otion to [a]mend, [the petitioner] now attempts to raise a further challenge to his sentence based on the recent decision of the United States Supreme Court in []*Johnson*[]. . . . However, the Court of Appeals for the Fourth Circuit has held that North Carolina breaking and entering convictions are violent felonies not under the residual clause, but instead because they are categorically within the enumerated offense of burglary. . . . As such, [the p]etitioner's [m]otion to [a]mend should be denied."), <u>recommendation adopted</u>, 2015 WL 5104624 (M.D.N.C. Aug. 31, 2015) (unpublished) (Osteen, C.J.), <u>appeal dismissed</u>, 633 F. App'x 155 (4th Cir. Feb. 18, 2016).

In sum, Petitioner's proposed <u>Johnson</u> claim fails as a matter of law, rendering the requested amendment futile.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Amend/Supplement (Docket Entry 31) be denied without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 7, 2016